FILED
04-14-2021
CLERK OF CIRCUIT COURT
MARATHON COUNTY
2021CV000208
Honorable Gregory Huber
Branch 2

STATE OF WISCONSIN           CIRCUIT COURT           MARATHON COUNTY
                               BRANCH ___

E.O. JOHNSON COMPANY, INC.,
8400 Stewart Avenue,
Wausau, WI  54401,                          SUMMONS

                                            Case No. 21-CV-_____
                Plaintiff,

v.                                          Code No. 30303 – Other Contracts

DUPLO U.S.A. CORPORATION,
3050 South Daimler Street,
Santa Ana, CA 92705,

                Defendant.

THE STATE OF WISCONSIN,

To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The Court may reject or disregard an answer that does not follow the requirements of the statutes.  The answer must be sent or delivered to the Court, whose address is Marathon County Courthouse, 500 Forest Street, Wausau, WI 54403, and to Plaintiff's attorneys, Ruder Ware,

L.L.S.C., whose address is 500 North First Street, Suite 8000, Wausau, WI 54403. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 14th day of April, 2021.

                RUDER WARE
                Attorneys for Plaintiff, E.O. Johnson Company, Inc.


                By: *Electronically signed by Kevin E. Wolf*
                   Kevin E. Wolf
                   State Bar No. 1001122

P.O. ADDRESS:

RUDER WARE
500 North First Street, Suite 8000
P.O. Box 8050
Wausau, WI  54402-8050

Telephone:   715.845.4336
Fax:              715.845.2718

FILED
04-14-2021
CLERK OF CIRCUIT COURT
MARATHON COUNTY
2021CV000208
Honorable Gregory Huber
Branch 2

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT BRANCH _____ | MARATHON COUNTY |

E.O. JOHNSON COMPANY, INC.,
8400 Stewart Avenue,
Wausau, WI 54401,

         COMPLAINT

    Plaintiff,    Case No. 21-CV-_____

v.          Code No. 30303 – Other Contracts

DUPLO U.S.A. CORPORATION,
3050 South Daimler Street,
Santa Ana, CA 92705,

    Defendant.

---

  **NOW COMES** Plaintiff, E.O. Johnson Company, Inc. ("EOJ"), by its attorneys, Ruder Ware, L.L.S.C. and as and for its complaint against Duplo U.S.A. Corporation ("Duplo"), alleges as follows:

  1.  EOJ is a Wisconsin corporation, with its principal place of business located at 8400 Stewart Avenue, Wausau, Marathon County, Wisconsin 54401.

  2.  Duplo is a California corporation located at 3050 South Daimler Street, Santa Ana, California 92705. Duplo's registered agent for service of process is Peter Tu, located at 9165 Hays River Circle, Fountain Valley, California 92708.

## JURISDICTION

  3.  Duplo is a manufacturer of Print Finishing products, used in the Commercial Print Industry. It sells its products in Wisconsin through its network of authorized Dealers.

{W2732192.DOCX/3}

4. EOJ is an authorized Dealer of Duplo products, situated in Wisconsin. By letter dated January 15, 2021, Duplo confirmed that EOJ is an authorized Dealer of Duplo Products (the "Termination Letter"), a copy of which is attached hereto and incorporated herein by reference as Exhibit A.

5. As described further in this Complaint, this action alleges that Duplo's attempted termination of EOJ as set forth in the Termination Letter and Duplo's actions subsequent to the Termination Letter violate Wisconsin's Fair Dealership Law, Chapter 135 of the Wisconsin Statutes, and Wisconsin common law.

6. This Court has personal jurisdiction over Duplo, pursuant to Section 801.05 of the Wisconsin Statutes, on the bases that:

   a. Duplo has engaged in substantial and not isolated activities in this state through sales of its products and services in Wisconsin and through its management of its dealer network, and its dealings with EOJ as an authorized dealer of Duplo products in Wisconsin;

   b. This is an action claiming injury to a person within this state, namely EOJ, by Duplo due to solicitation and service activities that were being carried on within this state by or on behalf of Duplo;

   c. This action arises out of services actually performed for Duplo by EOJ within this state which performance within this state was authorized or ratified by the defendant.

## BACKGROUND FACTS AND ALLEGATIONS

7. In addition to its principal office location in Wausau, Marathon County, Wisconsin, EOJ has Wisconsin offices in Eau Claire, Eau Claire County, Wisconsin, and Onalaska, La Crosse County, Wisconsin.

8. Since 2003, EOJ has been an authorized Dealer of Duplo products, situated in Wisconsin, having the right to sell, distribute, install, and service Duplo products, and to use and otherwise promote the Duplo brand name.

9. Between January 1, 2018 and January 1, 2021, EOJ's sales of Duplo products and service to Duplo customers totaled $1,294,431.25.

10. Duplo products are essential to EOJ's Production/Commercial Print business, not only in terms of gross sales directly attributable to Duplo products, but also for EOJ's continuing ability to service its customers to whom it has sold Duplo products, and because the ability to sell and service Duplo products assists EOJ in generating sales of other associated products for Production/Commercial Print lines.

11. EOJ has established its reputation in the Production/Commercial Print business on the basis of its ability to be a full service provider in this market.

12. In order for EOJ to be a full service provider to its current and future customers, it is necessary that EOJ be able to offer Duplo products as an option in this market, and it is essential that EOJ be able to service its Duplo customers to whom it has sold product in order to nurture and maintain those customer relationships.

13. Since becoming an authorized Duplo Dealer, EOJ has invested significant resources in marketing and promoting Duplo products, marketing and promoting itself as an authorized Duplo Dealer, and purchasing inventory.

14. As an authorized Duplo Dealer, EOJ purchased Duplo products and parts as a dealer, and received Duplo's distributor pricing through direct access to Duplo's dealer website.

15. Duplo supported EOJ as an authorized Dealer for sales and servicing of Duplo products to EOJ's Duplo customers.

16. As an authorized Duplo Dealer, EOJ was included on Duplo's website as an authorized Dealer of Duplo products.

17. There is a community of interest and a continuing financial interest between Duplo and EOJ in the operation of EOJ's Duplo Dealership, and in EOJ's business of offering, selling, and distributing Duplo's products, and in EOJ's marketing and servicing of Duplo's products to EOJ's Duplo customers.

18. Terminating, cancelling, or failing to renew EOJ's authorized Duplo Dealership or changing the competitive circumstances of EOJ's authorized Duplo Dealership would have a significant economic impact on EOJ.

19. On or about January 15, 2021, Duplo sent the Termination Letter to Dave Greene, President and COO of EOJ, advising that EOJ would be cancelled as an authorized Duplo Dealer effective April 15, 2021.

20. The Termination Letter alleged three reasons for the cancellation of EOJ's "long-standing" authorized Duplo Dealership, which were:

1. Poor Sales Performance … far below annual sales expectations;

2. The acquisition of Standard Dynamics having immensely impacted Duplo products sales; and,

3. The sale of competitive products in Wisconsin such as the RD-4055 Die Cutter manufactured by Standard Horizon.

21. The Termination Letter further stated that EOJ could close any new or pending deals before April 15, 2021, and thereafter all pending orders and prospects should be forwarded to Jeff Bockelman, Regional Sales Manager for Duplo.

22. The Termination Letter did not identify what Duplo contended was the minimum sales requirement for EOJ's authorized Duplo Dealership or when or how a minimum sales

requirement became a part of the competitive circumstances of EOJ's authorized Duplo Dealership or a part of EOJ's Duplo Dealership agreement.

23. The Termination Letter did not identify what term of EOJ's authorized Duplo Dealership was violated by EOJ having acquired the business of Standard Dynamics, nor how or when such a term became a part of the competitive circumstances of EOJ's authorized Duplo Dealership or a part of EOJ's Duplo Dealership agreement.

24. The Termination Letter did not identify what Duplo defined as competitive products or when a prohibition regarding the sale of such competitive products became a part of the competitive circumstances of EOJ's authorized Duplo Dealership or a part of EOJ's Duplo Dealership agreement.

25. The Termination Letter did not provide EOJ with 60 days in which to rectify any claimed deficiency in the operation of its dealership and did not provide a description of what was expected to be done by EOJ to rectify any claimed deficiency in the operation of its dealership.

26. Prior to the date of the Termination Letter, Duplo had not previously imposed or enforced a minimum annual sales volume requirement or minimum expectation upon EOJ's authorized Duplo Dealership or EOJ's Duplo Dealership agreement.

27. Prior to the date of the Termination Letter, a minimum annual sales volume for Duplo products was not a competitive circumstance of EOJ's authorized Duplo Dealership or EOJ's Dealership agreement.

28. Prior to the date of the Termination Letter, Duplo had not previously imposed or enforced a requirement upon EOJ's authorized Duplo Dealership or EOJ's Dealership agreement

that EOJ not sell products which may compete with products offered by Duplo, and Duplo had allowed EOJ to sell products that compete with Duplo products for many years.

29. Prior to the date of the Termination Letter, a prohibition on EOJ selling products which may compete with products offered by Duplo was not a competitive circumstance of EOJ's authorized Duplo Dealership, and Duplo had allowed EOJ to sell products that compete with Duplo products for many years.

30. Prior to the date of the Termination Letter, and continuing thereafter, Duplo has allowed, and continues to allow, other Duplo authorized Dealers to sell products that compete with Duplo products.

31. Duplo has not sought to terminate, cancel, fail to renew, or substantially change the competitive circumstances of other authorized Duplo Dealer agreements because of its sales of Standard Horizon brand or other competitive products.

32. Other authorized Duplo Dealers sell products that compete with Duplo brand products and Duplo has not sought to terminate, cancel, fail to renew, or substantially change the competitive circumstances of those other authorized Duplo Dealers.

33. After the date of the Termination Letter but prior to the purported effective date for the cancellation of April 15, 2021 as set forth in the Termination Letter, Duplo removed EOJ from Duplo's website as an authorized Dealer.

34. After the date of the Termination Letter but prior to the purported effective date for the cancellation of April 15, 2021 as set forth in the Termination Letter, Duplo changed EOJ's ability to access dealer pricing, including locking EOJ out of the dealer portal and preventing EOJ from downloading Duplo's latest price book.

35. After the date of the Termination Letter but prior to the purported effective date for the cancellation of April 15, 2021 as set forth in the Termination Letter, Duplo, through its Regional Sales Manager, Jeff Bockelman, began supporting another authorized Duplo Dealer in making contacts with EOJ's Duplo customers, in order to set up sales to, and servicing of, EOJ's Duplo customers by this competing dealer, and advising EOJ's customers that EOJ was no longer supporting Duplo.

36. Duplo has refused to repurchase all inventories sold by Duplo to EOJ, including but not necessarily limited to a Duplo DDC-810 w/PC Controller; a Duplo DC-618 w/PC Controller; a Duplo IFS system; and a Duplo DFL.

## FIRST CAUSE OF ACTION – VIOLATION OF WISCONSIN FAIR DEALERSHIP LAW

37. Realleges and incorporates herein by reference paragraphs 1 through 36 of this complaint as if fully set forth.

38. EOJ is a Dealer of Duplo's products as defined in Chapter 135 of the Wisconsin Statutes, the "Wisconsin Fair Dealership Law."

39. Duplo has violated the Wisconsin Fair Dealership Law by:

    d. Providing EOJ with a notice of termination/cancellation, the Termination Letter, that did not provide EOJ with 90 days' prior written notice of termination cancellation, nonrenewal, or substantial change in competitive circumstances and 60 days in which to rectify any claimed deficiencies in the operation of its dealership, and that did not provide a description of what was expected to be done by EOJ to rectify any claimed deficiency in the operation of the dealership;

  e. Providing EOJ with a notice of termination/cancellation, the Termination Letter, that alleged reasons for the termination/cancellation that had not previously been terms imposed upon EOJ's Duplo Dealership;

  f. Providing EOJ with a notice of termination/cancellation, the Termination Letter, that attempted to terminate, cancel, fail to renew, or substantially change the competitive circumstances of EOJ's authorized Duplo Dealership without good cause as that term is defined in Chapter 135 of the Wisconsin Statutes;

  g. Substantially changing the competitive circumstances and causing a de facto termination of EOJ's authorized Duplo Dealership without good cause and without 90 days' prior written notice and without providing 60 days in which to rectify any claimed deficiency by removing EOJ from Duplo's website as an authorized Dealer, changing EOJ's ability to access Dealer pricing, and supporting other competing Duplo dealers in sales to, and servicing of, EOJ's Duplo customers by these competing dealers, and advising EOJ's Duplo customers that EOJ was no longer supporting Duplo.

  h. Refusing to repurchase all inventories sold by Duplo to EOJ for resale under the dealership agreement at the fair wholesale market value.

40. As a consequence of Duplo's violation of the Wisconsin Fair Dealership Law, EOJ has sustained damages and will continue to sustain damages including, but not necessarily limited to, reduced revenue and profits due to lost Duplo sales, reduced revenue and profits due to lost servicing of EOJ's Duplo customers, loss of and/or damage to its relationships with its Duplo customers, loss of the investment it has made in its right to sell Duplo products, reduced sales for non-Duplo products, loss of market position in the Production/Commercial Print business, loss of goodwill, cost of inventories sold by Duplo to EOJ, and other damages.

41. Pursuant to Section 135 of the Wisconsin Statutes, EOJ is entitled to an award of damages sustained by it as a consequence of Duplo's violations, together with the actual costs of this action, including reasonable actual attorney's fees.

## SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE BUSINESS ADVANTAGE

42. Realleges and incorporates herein by reference paragraphs 1 through 41 of this complaint as if fully set forth.

43. EOJ had contracts and prospective contractual relationships with its Duplo customers throughout EOJ's Duplo territory, including, but not necessarily limited to, Badgerland Printing and Tasnos, Inc.

44. With knowledge of those relationships, Duplo, through its Regional Sales Manager, Jeff Bockelman, began supporting other authorized Duplo Dealers in making contacts with EOJ's Duplo customers, to set up sales to, and servicing of, EOJ's Duplo customers by these competing dealers, and advising EOJ's Duplo customers that EOJ was no longer supporting Duplo.

45. Duplo intentionally induced, or sought to induce, and continues to seek to induce, EOJ's customers to enter into contracts with competing dealers for sales and servicing of Duplo products.

46. Duplo has intentionally interfered with EOJ's ability to sell and/or service Duplo products to EOJ's current and prospective Duplo customers.

47. As a result, EOJ has suffered damages in an amount to be proven at trial.

48. Duplo acted maliciously toward EOJ and/or in an intentional disregard of the rights of EOJ thereby entitling EOJ to an award of punitive damages in a fair and reasonable amount, sufficient to serve to punish Duplo and to deter Duplo and others from similar conduct.

## THIRD CAUSE OF ACTION – REQUEST FOR INJUNCTIVE RELIEF

49. Realleges and incorporates herein by reference paragraphs 1 through 48 of this complaint as if fully set forth.

50. Duplo's termination, cancellation, or nonrenewal of EOJ's authorized Duplo Dealership and/or the change in the competitive circumstances of EOJ's authorized Duplo Dealership, are in violation of the Wisconsin Fair Dealership Law in that they were done without cause, without proper written notice, and without affording EOJ the opportunity to rectify any claimed deficiency, thereby entitling EOJ to injunctive relief prohibiting the unlawful termination, cancellation, nonrenewal, and/or substantial change of competitive circumstances of its authorized Duplo Dealership.

51. In Exhibit A, the Termination Letter, Duplo stated that it would begin refusing orders for product by EOJ, as a Dealer, after April 15, 2021.

52. In addition, as described above, after the date of the Termination Letter but prior to the purported effective date for the cancellation of April 15, 2021 as set forth in the Termination Letter, Duplo removed EOJ from Duplo's website as an authorized Dealer, changed EOJ's ability to access dealer pricing, began supporting another authorized Duplo Dealer in making contacts with EOJ's Duplo customers, and advising EOJ's customers that EOJ was no longer supporting Duplo, all of which caused a de facto termination, cancellation, nonrenewal and/or substantial change in the competitive circumstances of EOJ's authorized Duplo Dealership.

53. Pursuant to Section 135 of the Wisconsin Statutes, in addition to an award of damages sustained by it as a consequence of Duplo's violations of the Wisconsin Fair Dealership Law, EOJ is entitled to injunctive relief to preserve the *status quo* of its authorized Duplo Dealership and preventing Duplo from unlawfully terminating, cancelling, failing to renew, or substantially changing the competitive circumstances of EOJ's authorized Duplo Dealership without good cause.

54. Termination, cancellation, or nonrenewal of the EOJ's authorized Duplo Dealership without good cause will cause irreparable harm to EOJ due to its loss of goodwill and loss of reputation as a substantial competitor in the Production/Commercial Print business.

55. Pursuant to Section 135.065 of the Wisconsin Statutes, the violations of the Wisconsin Fair Dealership Law by Duplo, referred to above, are deemed an irreparable injury to EOJ for determining if a temporary injunction should be issued.

56. An injunction should be issued prohibiting Duplo from terminating, canceling, failing to renew, or substantially changing the competitive circumstances of EOJ's authorized Duplo Dealership without good cause and requiring Duplo to continue to deal with EOJ in all ways as a Duplo Dealer, including continuing to provide EOJ with: dealer pricing; availability of product, service, and parts; marketing support; warranty support; all other standard dealer support; for Duplo to be otherwise restrained from violating the Wisconsin Fair Dealership Law with respect to EOJ's authorized Duplo Dealership; and for Duplo to be restrained from contacting EOJ's Duplo customers either directly or through a competing Dealership, for the purpose of moving business, sales, sales opportunities, and/or servicing of Duplo products away from EOJ.

**WHEREFORE**, EOJ demands judgment against Duplo as follows:

1.	For an injunction prohibiting Duplo from terminating, canceling, failing to renew, or substantially changing the competitive circumstances of EOJ's authorized Duplo Dealership requiring Duplo to continue to deal with EOJ in all ways as a Duplo Dealer, including continuing to provide EOJ with: dealer pricing; availability of product, service, and parts; marketing support; warranty support; all other standard dealer support; for Duplo to be otherwise restrained from violating the Wisconsin Fair Dealership Law with respect to EOJ's authorized Duplo Dealership; and for Duplo to be restrained from contacting EOJ's Duplo customers either directly or through a competing Dealership, for the purpose of moving business, sales, sales opportunities, and/or servicing of Duplo products away from EOJ.

2.	For damages resulting from Duplo's termination, canceling, failing to renew, and/or substantially changing the competitive circumstances of EOJ's authorized Duplo Dealership in violation of the Wisconsin Fair Dealership Law;

3.	For damages resulting from Duplo's breach of EOJ's authorized Duplo Dealership agreement;

4.	For damages resulting from Duplo's interference with EOJ's Duplo customer relationships;

5.	For punitive damages due to Duplo's malicious conduct toward EOJ and Duplo's intentional disregard of the rights of EOJ, in a fair and reasonable amount, sufficient to serve to punish Duplo and to deter Duplo and others from similar conduct;

6.	For the actual costs of litigation, including actual reasonable attorney's fees of EOJ in this action;

7.	For the cost EOJ paid for all Duplo inventory which EOJ has not resold; and,

    8.    For such other and further relief as the Court deems just and equitable.

Dated this 14th day of April, 2021.

                            RUDER WARE
                            Attorneys for Plaintiff E.O. Johnson Company, Inc.


                            By: *Electronically signed by Kevin E. Wolf*
                                Kevin E. Wolf
                                State Bar No. 1001122

P.O. ADDRESS:

RUDER WARE
500 North First Street, Suite 8000
P.O. Box 8050
Wausau, WI  54402-8050

Telephone:   715.845.4336
Fax:           715.845.2718